IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHELLE C.,[1]

        Plaintiff,

        v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

_____

**Civ. No. 6:19-cv-01509-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

Plaintiff Michelle C. was denied Disability Insurance Benefits under Title II of the Social Security Act. She appeals to this Court, arguing that the Administrative Law Judge ("ALJ") erred by improperly discrediting her subjective symptom testimony and incorrectly weighing certain medical opinions. Because the Commissioner of Social Security's ("Commissioner") decision follows proper legal standards and is supported by substantial evidence, the Commissioner's decision is AFFIRMED.

**STANDARD OF REVIEW**

The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). A reviewing court will affirm the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *Id.*; *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party.

adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the Court reviews the entire administrative record, weighing both the evidence that supports and detracts from the ALJ's decision. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920 (2012). The initial burden of proof rests on the claimant to meet the first four steps. If the claimant satisfies his burden with respect the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant can adjust to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id.* If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner finds that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

At step two, the ALJ found that Plaintiff had the following severe impairments: carpal tunnel syndrome, obesity with occasional edema, and degenerative disc disease of the lumbar spine. Tr. 725.[2] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled any of the Listing of Impairments. Tr. 730. The ALJ assigned Plaintiff the following RFC:

> [T]he claimant has the [RFC] to perform light work. . . . The claimant is able to perform work that does not require climbing ladders, ropes, or scaffolds. She is able to occasionally climb ramps or stairs. The claimant is able to occasionally stoop,

---

[2] "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

kneel, crouch, and crawl. She is able to frequently handle, finger, and feel bilaterally. She is able to have no greater than occasional exposure to workplace hazards because of various medications including methadone. The claimant would need sit/stand alternative, which is defined as the ability to change position after 30 to 60 minutes for 3 to 5 minutes while remaining on task.

Tr. 730. Based on the vocational expert's testimony, the ALJ concluded Plaintiff could perform past relevant work as an office helper/data entry clerk. Tr. 749. The ALJ also concluded that Plaintiff could perform other jobs that exist in significant numbers in the national economy. Tr. 750–51. The ALJ thus determined that Plaintiff was not disabled. Tr. 751–52.

## I. Plaintiff's Symptom Testimony

Plaintiff argues that the ALJ erred by rejecting Plaintiff's subjective symptom testimony. An ALJ may reject testimony about the severity of a claimant's symptoms only by offering "clear and convincing reasons" supported by "substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). But the ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). The ALJ may "consider a range of factors," including:

> (1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence.

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). The Court will uphold an ALJ's credibility finding even if all the ALJ's rationales for rejecting clamant testimony are not upheld. *Batson*, 359 F.3d at 1197.

Plaintiff alleged that her multiple physical and mental health concerns kept her from working. Plaintiff testified that she could not sit or stand for extended periods because of pain in

her back and leg. Tr. 294, 781. Plaintiff said that she sought chiropractic relief, did home exercises, and tried physical therapy, but nothing relieved her back and leg pain. Tr. 784. Plaintiff also discussed her carpal tunnel syndrome. While Plaintiff had surgery to alleviate her carpal tunnel syndrome, she testified that even after surgery, she still cannot hold items with her hands. Tr. 781–83. Plaintiff also testified that her mental health impacted her ability to work. Tr. 788. Plaintiff stated that she suffered from post-traumatic stress disorder ("PTSD") and mood disorder because of her chronic pain. Tr. 788. Plaintiff stated that these mental health disorders make her "lash out" at people. Tr. 791. To try to treat her mood disorder and PTSD, Plaintiff explained to the ALJ that she was seeing a counselor once per week and was also taking medication. Tr. 789.

The ALJ discounted Plaintiff's subjective symptom testimony because "claimant's symptoms are not as severe as alleged. Furthermore, there is evidence of symptom exaggeration for the purpose of obtaining narcotics, and the claimant's related treatment non-compliance suggest that her symptoms are not as severe as alleged." Tr. 748. The ALJ specifically noted that the medical evidence contradicted Plaintiff's testimony, that Plaintiff made several inconsistent statements, and that the evidence suggested Plaintiff's symptoms improved with treatment. Tr. 732–33, 737, 748–49.

While Plaintiff argues that the ALJ erred, the Court disagrees. To begin, the ALJ relied on proper factors when discounting Plaintiff's testimony. *See Lingenfelter*, 504 F.3d at 1040. And the record supports the ALJ's determination. First, there are multiple examples of contrary objective medical evidence. *See* tr. 447 (examining doctor finding no mental limitations); tr. 446 (observing that Plaintiff had no difficulty sitting, walking, or transitioning in between); tr. 451 (observing that Plaintiff could transfer between examination table and chair easily); tr. 452 (noting normal station and gait); tr. 1171, 1175–76, 1194–95 (imaging of Plaintiff's lumbar spine failed to show

4 – OPINION AND ORDER

noteworthy progress of degenerative disc disease). Second, the record includes many inconsistent statements from Plaintiff and evidence of drug-seeking behavior. *See* tr. 515 (noting that Plaintiff displayed "drug seeking behavior); tr. 466, 492, 495, 500, 508, 513–14, (violating her pain contract on two occasions in 2011); tr. 516, 628–34, 664–67 (requiring Plaintiff to take toxicology screens prior to a prescription refill); tr. 276–77, 444, 778–79 (stating, at various times, that Plaintiff either lost her job because of "downsizing" or she stopped working because of her condition). While the ALJ correctly noted that Plaintiff was not diagnosed with opiate dependency, the ALJ could nevertheless consider "conflicting information about her drug and alcohol usage." *Thomas*, 278 F.3d at 959. Third, the ALJ accurately pointed to times where either Plaintiff self-reported improvement because of treatment or medical providers noted improvement. *See* tr. 551, 615–620, 622, 647, 651, 1161 (showing improvement with medication); tr. 546–48, 791 (showing carpal tunnel improvement after bilateral surgical releases); tr. 554, 615, 622, 651, 784, 1161 (Plaintiff self-reported that treatment improved her symptoms). Finally, the ALJ also noted times where Plaintiff failed to follow through with treatment. *See* tr. 782–83, 791, 1128.

If substantial evidence supports the ALJ's decision to discount Plaintiff's symptom testimony, the Court "will not engage in second-guessing." *Thomas*, 278 F.3d at 959. Because the ALJ "identif[ied] what testimony [was] not credible and what evidence undermin[ed Plaintiff's] complaints," the ALJ did not err in rejecting Plaintiff's symptom testimony. *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010) (internal quotation marks and citation omitted).

## II. Medical Opinions

Plaintiff next argues that the ALJ erred in the assessment of the various medical opinions in the record. The ALJ is tasked with resolving conflicts in the medical record. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008). "As a general rule, more weight should be given to

the opinion of a treating source than to the opinion of doctors who do not treat the claimant."

*Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222 (9th Cir. 2010) (internal quotation marks and

citation omitted). An ALJ may reject the uncontradicted medical opinion of a treating or examining

physician only for "clear and convincing" reasons supported by substantial evidence in the record.

*Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ may reject the contradicted

opinion of a treating or examining doctor by providing "specific and legitimate reasons that are

supported by substantial evidence." *Id.* Opinions of non-treating or non-examining physicians

"may . . . serve as substantial evidence when the opinions are consistent with . . . other evidence

in the record." *Thomas*, 278 F.3d at 957.

Plaintiff argues that the ALJ incorrectly rejected or omitted certain medical opinions. Pl.'s

Op. Br. 25–28, ECF No. 13. Plaintiff specifically focuses on the opinions of Andrea Marshall,

D.O., Donald Leary, D.C., and Erika Ostergren, LPC.[3] Tr. 455–60, 688–92 1059–63. But as the

Commissioner correctly notes, there were six other medical opinions "stating that Plaintiff was no

more limited than set forth in the RFC." Def.'s Br. 12, ECF No. 15. The ALJ therefore needed to

provide "specific and legitimate reasons that are supported by substantial evidence" to discount

the contradicted medical opinions. *Bayliss*, 427 F.3d at 1216. The Court examines the challenged

opinions in turn.

### A. Dr. Marshall

Dr. Marshall examined Plaintiff and opined that she could stand and/or walk for up to two

hours and sit less than two hours. Tr. 459. The ALJ discounted Dr. Marshall's opinion because it

---

[3] While Plaintiff referenced Dr. Shahab Akbari in her brief, the pages cited by Plaintiff are attributable to Ms. Ostegren. *See* Pl.'s Op. Br. 26 (citing tr. 688–91). It appears the confusion is because Dr. Akbari referred Plaintiff to Ms. Ostegren. *See* tr. 688.

was contradicted by objective medical findings, Plaintiff's treatments records, and her self-reported daily activities. Tr. 744.

As discussed, often the medical record fails to support Plaintiff's alleged struggles with mobility. Tr. 446, 452, 733–34. There were also times when Plaintiff's symptoms appeared to be alleviated with treatment. Tr. 551, 615–20, 622, 647, 651, 1161. And while Plaintiff told Dr. Marshall that her pain kept her from many activities, she told Dr. Laurel Garrett she spent "most her day . . . doing housework with *no limitation*." *Compare* tr. 455–56 *with* tr. 450 (emphasis added). On another occasion, Plaintiff also stated that she could vacuum, do dishes, laundry, and cook. Tr. 336.

Because the ALJ provided specific and legitimate reasons supported by substantial evidence, the ALJ did not err by discounting Dr. Marshall's opinion.[4] *Bayliss*, 427 F.3d at 1216.

**B. Dr. Leary**

Dr. Leary was Plaintiff's chiropractor and opined that Plaintiff would be unable to work full time. Tr. 1059. Dr. Leary also opined that Plaintiff needed to constantly shift between sitting and standing and that Plaintiff could not sit more than two hours in an eight-hour workday. Tr. 1061.

Like Dr. Marshall, the ALJ discounted Dr. Leary's opinion because it conflicted with objective medical findings, conflicted with evidence of improvement because of treatment, and conflicted with Dr. Leary's own treatment notes. Tr. 745. While Plaintiff argues that the ALJ erred by cherry-picking certain parts of the record, the ALJ relied on valid reasons for rejecting Dr. Leary's opinion. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692–93 (9th Cir. 2009)

---

[4] Plaintiff also contends that the ALJ mischaracterized Dr. Marshall's statements about Plaintiff's work history. Pl.'s Op. Br. 23 (citing tr. 744). But after reviewing the record, the Court agrees with the Commissioner that "the ALJ reasonably found that Dr. Marshall's reference to being released from 'that job' . . . was a reference to [Plaintiff's] 'job as a data entry clerk.'" Def.'s Br. 16 (citing tr. 455, 744).

(rejecting treating doctor's opinion because it conflicted with his own treatment notes); *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 601–02 (9th Cir. 1999) (rejecting doctor's opinion because the medical record contradicted his opinion).

### C. Ms. Ostergren

Plaintiff argues that the ALJ improperly omitted Ms. Ostergren's notes on Plaintiff's self-reported mental health concerns. Pl.'s Op. Br. 26 (citing tr. 688–91). Plaintiff stated that she felt worthless, had suicidal thoughts, a short temper, and difficulty sleeping as part of Plaintiff's group therapy in May 2015. Tr. 688–91. The ALJ did not address Ms. Ostergren's notes.

Yet this is ultimately harmless error. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). An ALJ need not address every medical note in the record. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Even so, the ALJ here did acknowledge other portions of the record noting that Plaintiff reported feeling depressed and that she struggled with her mental health, just not Ms. Ostengreen's specific notes. *See* tr. 732. And more importantly, Ms. Ostergreen did not provide any opinion on whether Plaintiff's mental health would prevent her from working. *See* tr. 688–92.

Because the ALJ's failure to address Ms. Ostergreen's notes were "inconsequential to the ultimate nondisability determination," the ALJ did not err. *Tommasetti*, 533 F.3d at 1038 (internal quotation marks and citation omitted).

### CONCLUSION

For these reasons, the Commissioner's final decision is AFFIRMED.[5]

---

[5] Plaintiff also argued that the Commissioner failed at Step Five to meet their burden. Pl.'s Op. Br. 28–29. Plaintiff contended that the ALJ incorrectly assessed the record. *Id.* But as discussed above, the ALJ did not err in their assessment of the record, so it follows that the Commissioner met their burden in "identify[ing] specific jobs . . . [that exist] in substantial numbers in the national economy[.]" *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015) (internal quotation marks and citation omitted).

IT IS SO ORDERED.

DATED this 30th day of March, 2021.

                                 _s/Michael J. McShane_____
                                 Michael J. McShane
                                 United States District Judge

9 – OPINION AND ORDER